This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40706

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

Petitioner-Appellee,

v.

**BRANDEE M.,**

Respondent-Appellant,

and

**MARIO R.,**

Respondent,

**IN THE MATTER OF ELIAS B.,**
**ANTONIO B., and LOYALTY M.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Michael Aragon, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV

Albuquerque, NM

for Appellant

Carol Kirk Rodriguez
Albuquerque, NM
Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Respondent-Appellant (Mother) appeals from the district court's judgment terminating her parental rights to Children. This Court issued a notice of proposed summary disposition, proposing to affirm. Mother filed a memorandum in opposition (MIO) to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}** Our notice proposed to affirm based on our suggestions that (1) the completion of parts of Mother's treatment plan, and no new allegations of abuse or neglect—during, apparently, the time that Children were not in Mother's custody—do not demonstrate the district court erred in terminating her parental rights [CN 6-7]; (2) Mother did not comply with drug screens, a factor that was a significant consideration in the order terminating her parental rights, while whether or not Mother visited Children in-person did not appear to be a basis for the termination of parental rights [CN 7]; and (3) generally, Mother did not engage with the district court's findings that she failed to participate in drug testing or treatment [CN 7-8]. We proposed to conclude that therefore, the district court did not err in terminating Mother's parental rights. [CN 9]

**{3}** In her MIO, Mother continues to generally contend that the district court's order lacked (1) clear and convincing evidence that Mother abused or neglected Children, (2) clear and convincing evidence that Mother was unable or unwilling to parent Children, and (3) substantial evidence that supported the judgment terminating parental rights. [MIO 2] Mother's MIO continues to fail to address the district court's findings that she failed to participate in drug testing or treatment, as required by her treatment plan, during the pendency of the case, as well as our proposed reliance on those district court findings. Mother appears to continue to dismiss these findings by characterizing the evidence of her nonparticipation as a lack of test results that were positive for drugs. [MIO 19]

**{4}** In general, the arguments contained in Mother's MIO on the issues initially raised in her docketing statement do not sufficiently address the specific concepts and authorities this Court proposed to rely on in our notice of proposed disposition, do not persuade us that this Court's proposed summary disposition was in error, and do not otherwise impact our analysis or our disposition of this case. Therefore, regarding those issues, we affirm for the reasons stated in our notice of proposed disposition and herein.

*See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Although Mother appears to attempt to frame all of her arguments under the same points raised in the docketing statement, we consider the following points to be distinct contentions, which we consider as new issues and we deem to be brought pursuant to a motion to amend the docketing statement. We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, if counsel had properly briefed the issue, we "would deny defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable").

**{6}** In her new issues, Mother alleges that the Children, Youth, and Families Department (CYFD) (1) did not prove that Mother was not able or willing to parent Children; (2) did not prove that Mother failed to make progress in the period after denial of a prior motion to terminate parental rights; and (3) relied on allegations from the beginning of the case, rather than demonstrating that Mother was unable or unwilling to parent Children during a planned transition period. [MIO 6]

**{7}** We note that, despite the quantity of general legal principles cited regarding CYFD's obligations, Mother's new contentions misapprehend the standard for terminating parental rights and continue to ignore the district court's bases for termination as stated in its order. We remind Mother that

> [t]he Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification" and "[e]ven with a parent's reasonable efforts, . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child.

*State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978.

**{8}** The district court's order states, among several other concerns, that evidence was presented that Mother's housing was not safe and appropriate for Children, that Mother did not sign a release or provide her substance abuse treatment records to CYFD, that Mother made "minimal efforts" to comply with her plan, apparently only starting to comply in November 2021, and that Mother had not made behavioral changes and was unable to provide for Children's basic needs and safety. [3 RP 734] We reiterate that the record reflects that Mother did not comply with drug screens, a

factor that was a significant consideration in the order terminating her parental rights, and note that Mother has not identified any evidence in the record that demonstrates that the district court's findings regarding her noncompliance were unsupported. [3 RP 735] Therefore, Mother's insistence that she was willing and able to parent Children is not supported by the district court's findings or other evidence in the record, and she has not demonstrated error by the district court.

{9}     Mother's new issues (2) and (3) appear make similar contentions that CYFD only relied on allegations of abuse and neglect from the beginning of the case, and that after an initial motion to terminate parental rights was denied, CYFD presented no new evidence to support the termination of parental rights following another motion to terminate. [MIO 6-7] Again, Mother does not identify any portion of the record in support of her claims, particularly regarding her argument that no new evidence was presented by CYFD at the hearing on the second motion to terminate parental rights. As the record indicates that more than a year had passed since the district court denied the first motion to terminate parental rights, and the district court's findings and conclusions supporting termination based on the second hearing include references to evidence from that intervening year, Mother's undeveloped assertion that no new evidence was presented is not persuasive. [2 RP 338-39, 3 RP 728-37] We note that not only may "[a] motion to terminate parental rights . . . be filed at any stage of the abuse or neglect proceeding," but, barring certain exceptions, "[w]hen a child has been in foster care for not less than fifteen of the previous twenty-two months, the department shall file a motion to terminate parental rights." NMSA 1978, § 32A-4-29(A), (G) (2022).

{10}    As to Mother's contention that the only allegations of abuse or neglect of Children stemmed from the beginning of the case, we note that this argument continues to misapprehend the process followed and basis for termination of parental rights, which, in Mother's case, was largely based on her ongoing failures to comply with drug treatment and testing as required by her treatment plan. [MIO 13] *See Athena H.*, 2006-NMCA-113, ¶ 9. We deny the issues raised in her apparent motion to amend the docketing statement as nonviable.

{11}    Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

{12}    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**